IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CATHIE FAULKNER,                  )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    1:06CV00369
                                  )
TYCO ELECTRONICS CORPORATION,     )
                                  )
            Defendant.            )

**O R D E R**

On March 22, 2007, the Court held a hearing with respect to certain discovery matters in regard to Plaintiff's motion to compel and for the enlargement of discovery. (Docket Nos. 15 & 16) This case involves alleged differential treatment amounting to sex discrimination. Plaintiff herself allegedly engaged in sexual harassment, but complains that her punishment was more severe than similarly situated males. One of the comparators was a person named Steve Smith. The question was whether Defendant produced all records with respect to Mr. Smith. He evidently was discharged, but may have been rehired. The Court told the parties to look at the specific discovery requests to see if Defendant had supplied the information.

From proposed orders submitted by the parties, it appears that Plaintiff requested "investigatory and disciplinary records of employees who have been accused of sexual misconduct and who have been discharged as a result of the accusation," and "investigatory and disciplinary records of employees who have been accused of sexual misconduct and who have not been discharged as a result of

the accusation." The Court finds that these requests should be read to encompass any potential rehiring of Steve Smith because such records could potentially show the extent of discipline if, for example, he was rehired in the same position as that from which he was terminated. Therefore, Defendant shall produce records of any rehiring of Steve Smith.

It also appeared at the hearing that the person who terminated Plaintiff is now a former employee. At the deposition, this former employee indicated at various times that he made the termination decision and then at other times that the decision was made in conjunction with Defendant's attorney, Charles Post. While it appears likely that Mr. Post may well have merely provided legal advice, this former employee's testimony left Defendant in an untenable position. As a result, it chose to name as the person who was responsible for terminating the Plaintiff, Mr. Post, and offered him for deposition. The Court indicated that there was no general waiver of attorney-client privilege, and that Mr. Post's deposition would be limited. Defendant requests that:

> The deposition shall be confined solely to questions regarding Mr. Post's role in the investigations of the allegations of inappropriate sexual conduct against Plaintiff, Steve Smith and Ted "Andy" Griffin and decisions to terminate the employment of those individuals during 2005. The attorney-client privilege is deemed waived as to these matters. Defendant shall produce to Plaintiff prior to the deposition any notes prepared by Mr. Post regarding his involvement in these matters. Plaintiff shall not inquire into Mr. Post's involvement in any other matters, and Defendant's attorney-client privilege is not waived as to any matters other than those specified above."

Plaintiff objects to this limitation and would like to examine Mr. Post generally concerning the policies and procedures of Defendant, its dealings with the EEOC, and such other broad subjects. The Court rejects this suggestion. Mr. Post is only being deposed because of the unexpected and inconsistent testimony of the former employee. Defendant has not offered him as a general Rule 30(b)(6) witness. The Court notes that Plaintiff has already had the opportunity to examine other employees of Defendant, including the former employee who would have been heavily involved in the termination decision. Plaintiff suffers no prejudice by this limitation.

**IT IS THEREFORE ORDERED** that as further compliance with this Court's previous order concerning Plaintiff's motion to compel (docket no. 15), the Defendant shall produce any rehiring records relating to Steve Smith and Plaintiff may take the deposition of Charles Post, as limited.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to complete discovery (docket no. 16) is denied, except that Mr. Post's deposition may be taken out-of-time and within two weeks from the date of this Order unless the parties agree otherwise.

/s/ Russell A. Eliason
United States Magistrate Judge

April 5, 2007